## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jeri L. Coston,

|                                 |                                                           |
|---------------------------------|-----------------------------------------------------------|
| Plaintiff,                      | Case No. 20-12060                                         |
| v.                              | Judith E. Levy<br>United States District Judge           |
| Commissioner of Social Security,|                                                           |
| Defendant.                      | Mag. Judge Curtis Ivy, Jr.                               |

_____/

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]

On January 24, 2022, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") (ECF No. 19) recommending that the Court deny Plaintiff Jeri L. Coston's motion for summary judgment (ECF No. 14), grant the Defendant Commissioner of Social Security's motion for summary judgment (ECF No. 17), and affirm Defendant's decision to deny Plaintiff benefits under the Social Security Act from February 2, 2017 until September 11, 2019. (*See, e.g.*, ECF No. 11, PageID.57.)

On February 7, 2022, Plaintiff filed three timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 20.) Plaintiff's first objection is that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") "sufficiently explained how he found that Dr. Cox's opinion was unsupported." (*Id.* at PageID.1214–1218; ECF No. 23, PageID.1239–1243.) Plaintiff's second objection is to the Magistrate Judge's finding that the ALJ's assessment of Plaintiff's Residual Functioning Capacity[1] ("RFC") adequately accounted for the symptoms of her voiding dysfunction. (*See* ECF No. 20, PageID.1218–1220; ECF No. 23, PageID.1243–1244.) Plaintiff's third objection challenges the Magistrate Judge's finding that the ALJ appropriately assessed Plaintiff's subjective complaints, despite his selective citation to the evidence. (*See* ECF No. 20, PageID.1220–1223; ECF No. 23, PageID.1244–1248.) Specifically, Plaintiff argues in her third objection that the Magistrate Judge improperly deferred to the ALJ's credibility finding because Social Security Ruling ("SSR") 16-3p instructs that ALJs are not to "assess an

---

[1] A person's RFC is the most that she is able to do despite any physical, mental, or environmental limitations resulting from her impairments. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

individual's overall character or truthfulness." (ECF No. 20, PageID.1221 (citing Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3p (S.S.A. Mar. 16, 2016)).)

Defendant responded to each of Plaintiff's objections (ECF No. 21), and Plaintiff replied. (ECF No. 23.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.  Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (*See* ECF No. 19, PageID.1184–1195.)

## II.  Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires

parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting

4

its *de novo* review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id*. at 1154 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id*. (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id*. (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal citations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (internal citation omitted). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III.   Analysis

### A.    Objection 1

Plaintiff argues in her first objection that the Magistrate Judge erred in finding that the ALJ sufficiently explained his conclusion that Dr. Cox's opinion[2] was "unsupported." (ECF No. 20, PageID.1214–1218.) Plaintiff argues that the Magistrate Judge improperly evaluated the ALJ's assessment of Dr. Cox's opinion because the Magistrate Judge "failed to consider" certain portions of Plaintiff's treatment notes. Specifically, she argues that the Magistrate Judge disregarded that her "anxiety remained high during the day" and that she had "poor focus, difficulty completing goals, racing thoughts and feeling 'scattered.'" (ECF No. 20, PageID.1216 (citing ECF No. 11, at PageID.845, 879.) Plaintiff also argues that the Magistrate Judge mischaracterized her activities of daily living. (*Id.* at PageID.1217.)

Defendant contends that the Magistrate Judge properly applied the substantial evidence standard and that any mischaracterization of Plaintiff's activities of daily living did not affect his assessment of the

---

[2] Dr. Cox opined that Plaintiff's mental impairments would cause her to be off task 25% of the workday and would prevent her from maintaining regular attendance, being punctual, setting realistic goals, and making plans independently. (*See* ECF No. 11, PageID.68 (citing *id* at PageID.1029–1033).)

evidence. Further, Defendant argues that Plaintiff improperly reasserts that her activities of daily living are consistent with Dr. Cox's opinion because she presented that issue at summary judgment. (*See* ECF No. 21, PageID.1227 (citing ECF No. 14, PageID.1137–1138, 1142–1143).)

This objection fails because Plaintiff has not shown a legal or factual error in the Magistrate Judge's evaluation of the ALJ's analysis of the supportability of Dr. Cox's opinion under 20 C.F.R. §§ 404.1520c(b) and 416.920c(b).[3] Specifically, Plaintiff does not show that the Magistrate Judge ignored relevant evidence. To the extent Plaintiff contends that the Magistrate Judge mischaracterized her activities of daily living, she fails to show that this allegedmistake impacted the Magistrate Judge's finding that the ALJ appropriately articulated his analysis of the supportability of Dr. Cox's opinion. Moreover, in articulating his determination of the persuasiveness of state agency consultant, Richard Zaloudek, M.D.'s opinion, the ALJ indirectly bolstered the thoroughness

---

[3] Plaintiff filed the claim at issue in this case on November 4, 2017. (*See* ECF No. 11, PageID.57.) For social security claims filed on or after the effective date of March 27, 2017, 20 C.F.R. §§ 404.1520c(c) and 416.920c(c) govern the ALJ's evaluation of medical source opinions.

of his assessment of the supportability and persuasiveness of Dr. Cox's opinion. [4]

Regarding the consideration of medical source opinions, the Social Security Regulations require that ALJs articulate their consideration of the persuasiveness of the medical source opinions in a case. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Supportability is one of the factors that guides the analysis of the persuasiveness of a medical source's opinion. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The remaining four factors are: consistency, the source's relationship with the claimant, the source's specialization, and "other factors that tend to support or contradict a

---

[4] Dr. Zaloudek opined that "claimant is limited to simple, one to three step tasks (within her physical capacities)" that do not require tight quotas and timelines. (ECF No. 11, PageID.67.) He also opined that the work settings should be relatively static and should not require more than occasional adaptive changes. (*See id.* at PageID.67–68.) Further, Dr. Zaloudek stated that Plaintiff "can manage social contact and interactions within these types of work environment[s]." (*Id.*) As to the supportability of Dr. Zaloudek's opinion, the ALJ noted that the record showed that Plaintiff

> generally showed intact attention, concentration, and memory . . . . [that] she consistently presented as alert and oriented . . . [that t]he majority of her treatment notes indicated her insight and judgment were intact and her thought process as linear, logical, and goal directed . . . [and] there were several references to the claimant being pleasant and cooperative.

(*Id.* at PageID.68 (internal citations omitted).)

8

medical opinion." *Id.* The ALJ may discuss any of these five factors in her decision, but the regulations mandate that she "will explain" her assessment of the factors of supportability and consistency. *See id.* As to whether an ALJ appropriately articulated her evaluation of a medical source's opinion, the relevant inquiry is whether "the ALJ described the evidence and articulated the bases of her decision in sufficient detail to allow the Court to discharge its limited review function of determining whether the decision is 'supported by substantial evidence.'" *Bundy v. Comm'r of Soc. Sec.*, No. 20-10254, 2021 WL 1220867, at *4 (E.D. Mich. Mar. 31, 2021) (citing 42 U.S.C. § 405(g)).

As noted, Plaintiff's objection appears to challenge the Magistrate Judge's finding that the ALJ sufficiently articulated the supportability of Dr. Cox's opinion.[5] "Supportability" means that the more relevant the

---

[5] The Court interprets Plaintiff's objection as a challenge to the Magistrate Judge's assessment of the ALJ's discussion of the supportability of Dr. Cox's opinion—as opposed to the ALJ's discussion of the overall persuasiveness of Dr. Cox's opinion—because in this objection, Plaintiff quotes from the portion of the R&R in which the Magistrate Judge reviewed the ALJ's explanation of the supportability of Dr. Cox's opinion. (*See* ECF No. 20, PageID.1215 (quoting ECF No. 19, PageID.1199).) Indeed, Plaintiff specifically challenges the Magistrate Judge's finding that the ALJ sufficiently explained his analysis that Dr. Cox's opinion was "unsupported," and "supportability" is a defined term in the regulations. Plaintiff does not challenge the Magistrate Judge's analysis of the ALJ's finding that Dr. Cox's opinion was

objective medical evidence and supporting explanations presented by a medical source are to his medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "In other words, the supportability analysis 'focuses on the physicians' explanations of the opinions.'" *Vaughn v. Comm'r of Soc. Sec.*, No. 20-cv-1119-TMP, 2021 WL 3056108, at *10 (W.D. Tenn. July 20, 2021) (quoting *Lavinia R. v. Saul*, No. SAG-20-1083, 2021 WL 2661509, at *3 (D. Md. June 29, 2021)).

The Magistrate Judge discussed his finding that the ALJ sufficiently explained that Dr. Cox's opinion was unsupported as follows:

> In explaining his analysis of Dr. Cox's opinion, [the ALJ] cites [Plaintiff's] "unremarkable" mental status examinations. (ECF No. 11, PageID.68). Mental status examinations and treatment notes by Dr. Cox charted Plaintiff's generally intact attention, concentration, memory, insight, and judgment. (*Id.* at PageID.879-888). She also displayed linear thought process, logic, and was pleasant, cooperative, and goal directed. (*Id.*). The ALJ finding moderate psychological limitation is supported by substantial evidence drawn from the mental status exams. *See Tucker v Comm'r of Soc. Sec.*, 775 F. App'x 220, 224 (6th Cir. 2019) (ALJ did not err by relying in part on "largely normal" mental status examinations with "minimal or no impairment of memory,

---

unpersuasive, which encompasses supportability and other factors. *See* 20 C.F.R. §§ 404.1520c(c)(a), 416.920c(c)(a).

concentration, attention or judgment."). The ALJ references Plaintiff's latest (2019) treatment records, which include Dr. Cox's own treatment notes charting Plaintiff's "drastically" improved sleep, improved anxiety, low depression, lack of mood swings, with lingering struggles to concentrate. Most of these notes predate Dr. Cox's opinion. (*See id.* at PageID.879-885). Like the ALJ in *Bundy*, the ALJ here cited a doctor's own reports to weigh the supportability of medical opinion evidence. *Bundy*, 2021 WL 1822311, at 12*. This is the type of objective medical evidence an ALJ can weigh against opinion evidence to weigh supportability.

(ECF No. 19, PageID.1200–1201 (alterations added).) The Magistrate Judge's discussion shows that the ALJ in this case "articulated the bases of his decision" regarding supportability "in sufficient detail" for the Magistrate Judge "to discharge [his] limited review function of determining whether the decision is 'supported by substantial evidence.'" *Bundy*, No. 20-10254, 2021 WL 1220867, at *4; *accord Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *4 (E.D. Mich. Aug. 13, 2021) (publication forthcoming). Therefore, the ALJ sufficiently articulated his determination of the supportability of Dr. Cox's opinion.

The Magistrate Judge's purported mischaracterization of Plaintiff's activities of daily living does not show that he erred in his finding regarding the ALJ's articulation of the supportability of Dr. Cox's

opinion. (*See* ECF No. 23, PageID.1240.) The evidence in the record indicates that Plaintiff belonged to a church and did limited shopping. (*See* ECF No. 20, PageID.1217.) To the extent the statement in the R&R that "Plaintiff could attend church and shop" overstates Plaintiff's activities—as Plaintiff contends it does—any error was confined to the R&R and had no effect on the ALJ's decision. (*See* ECF No. 19, PageID.1201.) Indeed, the ALJ wrote that Plaintiff "shopped for about 30 minutes weekly, and she noted she belonged to a local church." (ECF No. 11, PageID.61 (citing Plaintiff's Adult Function Report and Psychiatric/Psychological Medical Report).) Therefore, any mischaracterization of Plaintiff's activities of daily living had no impact on whether the ALJ appropriately articulated his determination of the supportability of Dr. Cox's opinion.

Moreover, the Magistrate Judge's purported overstatement regarding Plaintiff's activities of daily living had no effect on his review of the ALJ's assessment of the supportability of Dr. Cox's opinion. As set

12

forth above, the Magistrate Judge did not mention Plaintiff's activities of daily living in reviewing that portion of the ALJ's decision.[6]

---

[6] The Magistrate Judge references Plaintiff's activities of daily living in his review of the ALJ's findings regarding the consistency of Dr. Cox's opinion as follows:

> The ALJ also sufficiently explains why Dr. Cox's opinion conflicts with the record because he explains how Dr. Cox's findings contrast with Plaintiff's treatment history, mental status examinations, and testimony. (*Id.* at PageID.68). The more consistent an opinion is with the rest of the record, the more persuasive an ALJ may find it. 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). An ALJ can draw from the record as a whole in crafting the RFC. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727-728 (6th Cir. 2013) (rejecting contention ALJ was "bound" by one medical opinion - ALJ "properly based her RFC determination on all the evidence of record"). The ALJ discussed Plaintiff's treatment history for five pages before his medical opinion assessment. (*Id.* at PageID.63-68). In rejecting Dr. Cox's opinion, he cites her treatment records indicating improvement. He also discusses how Plaintiff's own lifestyle does not support Dr. Cox's finding. Plaintiff could attend church and shop. Plaintiff's work required wound care, tracheotomy changing, and catheter emptying. Her job required prompt attention and the ability to carry out tasks independent of others. In the opinion of the ALJ, the nature of her job contradicted Dr. Cox's opinion. (*Id.* at PageID.68). The ALJ explained how the medical and non-medical evidence on record is inconsistent with Dr. Cox's finding.

(ECF No. 19, PageID.1201–1202.) Because Plaintiff specifically "objects [to] the Magistrate Judge's proposal that the ALJ 'sufficiently explained how he found Dr. Cox's opinion was *unsupported*,'" Plaintiff does not appear to challenge the Magistrate Judge's evaluation of the ALJ's determination of the consistency of Dr. Cox's opinion. (*Compare* ECF No. 20, PageID.1214 *with* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).) In any event, regardless of the Magistrate Judge's statements as to Plaintiff's activities of daily living, review of his explanation of the consistency of Dr. Cox's opinion shows that the Magistrate Judge properly affirmed the ALJ's determination that Dr. Cox's opinion was inconsistent.

13

Plaintiff's argument that the Magistrate Judge failed to consider certain evidence lacks merit. As Defendant points out, "Plaintiff advances no authority requiring Judge Ivy to expressly summarize the evidence that []he advances" in the R&R. (ECF No. 21, PageID.1226.) The Magistrate Judge's failure to discuss the portions of Plaintiff's 2019 treatment notes that Plaintiff quotes in her objection does not indicate that he failed to "consider" them. As discussed below, review of the ALJ's evaluation of the persuasiveness of Dr. Zaloudek's opinion shows that the ALJ considered the evidence that Plaintiff claims that the Magistrate Judge overlooked. (*See* ECF No. 11, PageID.68.)

Indeed, the ALJ augmented the thoroughness of his explanation of the supportability of Dr. Cox's opinion by evaluating the persuasiveness of the opinions of other medical sources. The ALJ found the opinion of a different medical source—Dr. Zaloudek—on Plaintiff's capacity to function in the workplace to be persuasive. (*See id.*); *see also Williams v. Comm'r of Soc. Sec.*, No. 1:20-cv-11567, 2021 WL 3524115, at *5 (E.D. Mich. June 23, 2021) (finding that the articulation requirement regarding one medical source's opinion was met indirectly by ALJ's consideration of the persuasiveness of another source's opinion), *report*

14

*and recommendation adopted sub nom.*, *Williams v. Kijakazi*, 2021 WL 3205001 (E.D. Mich. July 29, 2021). Dr. Zaloudek opined that Plaintiff could manage social contact and interactions in a relatively static workplace, and the ALJ articulated the supportability of Dr. Zaloudek's opinion. (*See id.*)

Plaintiff's argument that the Magistrate Judge should have found that Dr. Cox's opinion was sufficiently supported because of her activities of daily living and part-time work repeats her summary judgment arguments. (*Compare* ECF No. 20, PageID.1217–1218 *with* ECF No. 14, PageID.1137–1138, 1142–1143.) This challengein her objection is improper because it restates arguments that the Magistrate Judge already rejected. *See Coleman-Bey*, 287 F. App'x at 420. Plaintiff's pointing to evidence in support of a finding that Dr. Cox's opinion is supportable is essentially a request to reevaluate evidence, and the Court's "task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (internal citation omitted).

The Magistrate Judge properly applied the law to the ALJ's assessment of Dr. Cox's opinion. Regardless of the Magistrate Judge's

purported mischaracterization of the evidence in this case, substantial evidence backs his finding regarding the ALJ's conclusion that Dr. Cox's opinion is unsupported. Therefore, Plaintiff's first objection is denied.

## B.    Objection 2

Plaintiff's second objection challenges the Magistrate Judge's affirmance of the RFC. Plaintiff argues that the Magistrate Judge's R&R did not "meaningfully address" the deficiencies in the ALJ's assessment of Plaintiff's voiding dysfunction, a urinary issue, and consider its impact on the RFC. Plaintiff contends that "[t]he ALJ failed to explain how Ms. Coston could reasonably be expected to sustain the demands of *full-time* work despite the effects of her impairments including an inability to sleep normally, which naturally impacts her ability to function in a sustained manner during the day." (ECF No. 20, PageID.1219–1220 (emphasis in original).) Defendant's position is that this objection is a mere disagreement with the Magistrate Judge's R&R and should be rejected because Plaintiff fails to specify any limitations that the ALJ omitted. (*See* ECF No. 21, PageID.1228–1229.) The Court agrees with Defendant.

The ALJ is responsible for crafting an RFC that considers all of the relevant evidence. *See* 20 C.F.R. §§ 404.1545(a), 404.1546(c),

16

416.945(a)(3). It is the claimant's burden to prove her RFC. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)). Therefore, where a claimant seeks to challenge her RFC determination, she must specify which restrictions the ALJ improperly omitted. *See Cooper v. Comm'r of Soc. Sec.*, No. 20-11855, 2021 WL 3928943, at *3 (E.D. Mich. Sept. 2, 2021) (overruling objection to RFC where claimant failed to explain what additional limitations, if any, would be responsive to her stroke); *Hoffman v. Comm'r of Soc. Sec.*, No. 19-10843, 2019 WL 5663425, at *5 (E.D. Mich. Sept. 25, 2019) (affirming RFC where claimant "points to no other specific headache-related limitation that the ALJ improperly excluded from the RFC assessment"), *report and recommendation adopted*, 2019 WL 5653381 (E.D. Mich. Oct. 31, 2019); *Turvey v. Comm'r of Soc. Sec.*, No. 12-12388, 2013 WL 3271194, at *5 (E.D. Mich. June 27, 2013) (affirming RFC where claimant did not specify "any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment").

In this case, the Magistrate Judge found that the ALJ appropriately determined that Plaintiff had the RFC to perform light work with

17

limitations.[7] (*See* ECF No. 19, PageID.1202–1206.) In her objection to the R&R, Plaintiff does not specify "any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment" related to her voiding dysfunction.[8] *See id.* Therefore, Plaintiff has not shown that the ALJ's RFC was inappropriate or that the

---

[7] The ALJ determined that Plaintiff had the RFC to perform light work with the following limitations:

> claimant can never climb ladders, ropes, or scaffolds, kneel, or crawl. She can occasionally climb ramps and stairs. The claimant can frequently stoop, crouch, and balance. The claimant can never perform overhead reaching with the right dominant arm. She can frequently reach forward, handle, and finger with the right dominant upper extremity. She can have frequent use of the neck throughout the workday. The claimant must avoid hazards such as unprotected heights or uncovered, unguarded moving machinery. The claimant can carry out simple instructions. She cannot perform work at a production rate that requires hourly quotas. The claimant can tolerate occasional changes in a routine work setting. She can occasionally interact with supervisors and coworkers but can never interact with the general public.

(ECF No. 11, PageID.62.)

[8] Plaintiff mistakenly asserts that the R&R does not address her burden of "showing specific limitations that the ALJ failed to include in the RFC finding." (ECF No. 23, PageID.1243.) However, the Magistrate Judge addressed the ALJ's assessment of the impact of Plaintiff's voiding dysfunction on the RFC—including the ALJ's consideration of the evidence—in a section of the R&R entitled "Evaluation of Voiding Dysfunction Impact on RFC." (ECF No. 19, PageID.1202–1206.)

Magistrate Judge erred in affirming this aspect of the ALJ's decision. Accordingly, this objection is overruled.

## C.   Objection 3

In her third objection, Plaintiff contends that the Magistrate Judge erred by deferring to the ALJ's "credibility findings" in discounting her subjective complaints, including the limitations in her activities of daily living. (*See* ECF No. 20, PageID.1220; ECF No. 23, PageID.1244–1248.) Plaintiff argues that the Magistrate Judge's acceptance of the ALJ's credibility findings is inappropriate under Social Security Ruling 16-3p. Further, Plaintiff argues that because the Magistrate Judge conceded that the ALJ selectively cited her function report and her part-time work—which Plaintiff claims amounted to a "gross misstatement" of her functioning—the Magistrate Judge should have rejected "the ALJ's point that [P]laintiff's part-time work and other activities tend to contradict her disability allegations." (ECF No. 23, PageID.1245.)

Defendant counters that although Social Security Ruling 16-3p eliminated the use of the term "credibility," the Ruling did not change the substance of the instruction in previous Rulings: the ALJ must consider consistency. (*See* ECF No. 21, PageID.1230 (citing *Altyg v. Berryhill*, No.

19

16-11736, 2017 WL 4969353, at *3 (E.D. Mich. July 31, 2017)).)

Defendant contends that the "argument that the ALJ improperly relied on Plaintiff's activities of daily living" has "no merit" because the ALJ's conclusion with respect to Plaintiff's symptoms was based on a "wide range of evidence," regardless of Plaintiff's activities of daily living. Defendant reiterates that Sixth Circuit cases are consistent with the ALJ's point that "[P]laintiff's part-time work and other activities tend to contradict her disability allegations." (*Id.* at PageID.1231–1232.) Further, Defendant argues that Plaintiff's argument that her "impairments would interfere with any attempt to expand her work activities to full-time" is essentially a "request to re-weigh the evidence" and improperly repeats an argument in her summary judgment motion that the Magistrate Judge rejected. (*Id.* at PageID.1234.)

Plaintiff misinterprets Social Security Ruling 16-3p, which clarifies that "subjective Symptom Evaluation is not an examination of individual character." The Ruling eliminates the term "credibility" from official Social Security Administration policy; however, the Ruling "does not change the precedent establishing that an ALJ's determination is entitled to great deference in his credibility determination, given his

20

responsibility to observe and assess . . . demeanor and credibility."
*Robinson v. Comm'r of Soc. Sec.*, No. 20-12117, 2022 WL 687247, at *3
(E.D. Mich. Mar. 8, 2022) (quoting *Altyg*, 2017 WL 4969353, at *3).
Indeed, Ruling 16-3p explicitly states that an ALJ may "consider any
personal observations of the individual in terms of how consistent those
observations are with the individual's statements about his or her
symptoms as well as with all of the evidence in the file."

Here, the Magistrate Judge neither erred in his analysis nor in his
use of the term "credibility." First, the Court notes that the ALJ did not
use the term "credibility." Instead, the Magistrate Judge characterized
the ALJ's assertion that Plaintiff's "statements concerning the intensity,
persistence and limiting effects of [her] symptoms are not entirely
consistent with the medical evidence and other evidence in the record" as
a measure of her "credibility." (ECF No. 11, PageID.63.) In fact, the
Magistrate Judge assessed whether substantial evidence supports the
ALJ's conclusion that Plaintiff's statements were "not entirely
consistent." (*See* ECF No. 19, PageID.1207–1211.) And Social Security
Ruling 16-3p requires that ALJs "consider whether an individual's
statements about the intensity, persistence, and limiting effects of his or

her symptoms are consistent with the medical signs and laboratory findings of record." In any event, Social Security Ruling 16-3 neither prohibits the ALJ from making a credibility finding nor does it constrain the Magistrate Judge's language in reviewing the ALJ's decision. (ECF No. 11, PageID.63.) Moreover, Plaintiff presents no evidence that the ALJ in this case violated Social Security Ruling 16-3p by assessing her "overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id.*

Not all errors in an ALJ's decision merit reversal. The Magistrate Judge may find that an ALJ's decision to be supported by substantial evidence, even where the decision contains an error. *See, e.g., Ulman*, 693 F.3d at 714. An ALJ's selective citation of evidence constitutes reversible error where it impedes her analysis. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723–24 (6th Cir. 2014) (finding reversible error because the ALJ's analysis failed to address side effects of medication and illness without medication); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240–41 (6th Cir. 2002) (reversing ALJ's decision that was based on selective citation of the record and inaccurately described claimant's abilities). Where, as here, the ALJ selectively cited some evidence in support of his

22

decision, the court will not "second-guess" that decision "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions." *Ulman*, 693 F.3d at 714. As the Magistrate Judge explained in detail in the R&R, the ALJ's finding that Plaintiff's subjective complaints were inconsistent with other evidence in the record was specific and supported by substantial evidence. (*See* ECF No. 19, PageID.1208–1211.)

Finally, objections that restate summary judgment arguments are improper. *See Coleman-Bey*, 287 F. App'x at 422. To the extent Plaintiff's objection challenges the ALJ's decision to discount Plaintiff's subjective complaints, the objection fails because it repeats her summary judgment argument. (*See* ECF No. 14, PageID.1140–1145.) Plaintiff's objection is also an improper request that the Court reweigh evidence, and the Court's "task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins*, 680 F.2d at 472 (internal citation omitted). Accordingly, Plaintiff's objection is overruled.

## IV.    Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 19.) Plaintiff's motion for summary judgment is

DENIED (ECF No. 14), and Defendant's motion for summary judgment

is GRANTED. (ECF No. 17.)

IT IS SO ORDERED.

Dated: March 31, 2022               s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

                                    s/William Barkholz
                                    WILLIAM BARKHOLZ
                                    Case Manager